IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
        PLAINTIFF,

v.                               CRIMINAL NO.   10-30113-DRH

KEVIN J. CARVER,

        DEFENDANT.

## ORDER FOR FINDING OF THIRD PARTY INTERESTS WITH RESPECT TO REAL ESTATE LOCATED AT 422 WILSON LANE, FAIRVIEW HEIGHTS, ILLINOIS

Now comes the United States of America, by and through its attorneys, Stephen Wigginton, United States Attorney for the Southern District of Illinois, and Michael Thompson, Assistant United States Attorney, and states as follows:

1. On June 17, 2011, this Court entered a *Stipulated Order for Forfeiture* [Doc. 40] against various property, including the real estate located at 422 Wilson Lane, Fairview Heights, Illinois, more fully described as follows:

Real estate located at 422 Wilson Lane, Fairview Heights, St. Clair County, Illinois, and more particularly described as follows:

The South 80 feet of the North 455 feet of the East 233.75 feet of Lot 16 of "FAIRVIEW PART OF S.W. 1/4 SEC. 29 T. 2 N. R. 8 W."; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois, in Book of Plats "P" on Page 45.

EXCEPT THAT PART OF THE ROAD DESCRIBED AS FOLLOWS:
A part of that part of the East ½ of the Southwest 1/4 of Section 29, Township 2 North, Range 8 West of the Third Principal Meridian being a part of the South 80 feet of the North 455 feet of the East 233.75 feet

of Lot 16 of "FAIRVIEW, PART OF THE SOUTHWEST 1/4 OF SECTION 29, TOWNSHIP 2 NORTH, Range 8 WEST OF THE THIRD PRINCIPAL MERIDIAN OF ST. CLAIR COUNTY, ILLINOIS"; reference being had to the plat thereof recorded in the records of the Recorder of Deeds of St. Clair County, Illinois, in Book of Plats "P" on Page 45.

The land being conveyed hereby described as follows:

The Western 25 feet of the above described land lying within the proposed right-of-way for a street known as Wilson Lane as said street is located and surveyed by Thouvenot, Wade, and Moerchen of Belleville, Illinois, as said survey is shown on a plat recorded in Road Record Book 87 on Page 64 of the Records of the Recorder of Deeds of St. Clair County, Illinois.

Situated in the County of St. Clair and State of Illinois.

Parcel No. 03-29-0-308-007.

2. Notice of the forfeiture of said property was published on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning May 16, 2012. Notice of the forfeiture of the property was also published in the Legal Reporter newspaper for three consecutive weeks beginning May 23, 2012 and ending June 6, 2012.

3. No petition or claim was filed by any third party against said real estate except for the claim of Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation.

4. Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation has a valid mortgage lien on the subject-matter premises, and said lien was obtained by Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation as a valid bona fide purchaser for value of said interest and without reasonable cause to

believe that the property was subject to forfeiture at the time that Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation acquired said interest.

5. The Court finds that as of September 7, 2011, the amount of said lien on the subject-matter premises totals $46,483.26.

6. The Court hereby further finds that Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation is entitled to per diem interest, until this obligation is paid, in the amount of $10.01 per day commencing on September 8, 2011.

7. With the exception of the claim of Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation, the Court hereby finds that all right, title, and interest in the subject-matter premises rests in the United States of America. The United States Marshal is hereby ordered to sell said real estate and to dispose of the proceeds according to law.

8. The proceeds from the sale of said real estate shall be paid in the priority indicated:

   a. All costs of the forfeiture action and other expenses and costs incurred by the United States in advertising, maintaining, disposing, and transferring the subject-matter real estate;

   b. $46,483.26 to be paid to Heartland Bank, serving agent for Federal Home Loan Mortgage Corporation, plus interest from September 8, 2011, in the amount of $10.01 per day;

   c. All remaining proceeds to be distributed by the United States

        Marshal as forfeited property.

9. The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 853(c), all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, said date that the property vested in the United States was no later than September 23, 2009. The Court finds that said property is therefore exempt from any real estate taxation from said date of September 23, 2009 until such date that the property is transferred from the United States to an owner who is not exempt from taxation. The United States shall pay any taxes or tax liens accruing prior to September 23, 2009 and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after September 23, 2009 but prior to the date of the initial order of forfeiture of said property, said date being June 11, 2011. For any taxes or tax liens paid by the United States, said payments shall be considered part of the costs and expenses associated with the forfeiture and sale of the subject matter real estate and shall be reimbursed from the proceeds of the sale prior to the distribution of any proceeds to any third party claimants or petitioners. This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to

the date of this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes or enforce said tax liens, except as specifically authorized by an Order issued by this District Court after prior notice to the United States and a hearing. This Court specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing. The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the State's Attorney of St. Clair County, Illinois, as the attorney for the taxing authorities.

10. The United States Marshal may immediately take custody of the subject-matter premises. The United States Marshal shall give prior owners or legal occupants of the premises thirty days after posting the premises with a copy of this Order to remove any personal property from the premises and to vacate said premises. Any personal property remaining on the premises after said thirty days shall be considered abandoned and may be disposed of by the United States Marshal by any means he deems appropriate and without any obligation to pay compensation or damages for same. Any person

remaining on the premises after said thirty day period may be forcibly removed from the premises by the United States Marshal. The United States Marshal shall have the discretion to extend this thirty day period if he so desires; the United States shall retain the right to petition this Court to shorten said thirty day period for cause.

**IT IS SO ORDERED.**

**Date: November 1, 2012**

Digitally signed by David R. Herndon
Date: 2012.11.01 10:44:58 -05'00'

**Chief Judge**
**United States District Court**